**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WOLVERINE PIPE LINE COMPANY, | ) | |
| | ) | Case No.: 19-cv-3448 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STRAUS MANAGEMENT, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff Wolverine Pipe Line Company, a Delaware corporation ("Wolverine") and

Defendant Straus Management, L.L.C., an Illinois limited liability company, the correct legal

name of which is Straus Management L.L.C., an Illinois limited liability, and which is also known

as Straus Management, LLC (collectively, "Straus"), having reached an agreement that would

resolve the claims in the above-captioned litigation, jointly move for the entry of the proposed

stipulated Consent Judgment attached as **Exhibit A**. Wolverine and Straus jointly request that the

Court enter the Consent Judgment in the form provided.

Dated:                                    Respectfully submitted,

/s/ Anda Tatoiu                            /s/ Michael T. Sawyier (with consent)
*One of the Attorneys for Plaintiff Wolverine*    *The Attorney for Defendant, Straus*
*Pipe Line Company, a Delaware corporation*       *Management, L.L.C., an Illinois limited*
Dykema Gossett PLLC                        *liability company, the correct legal name of*
Robert B. Groholski (#6272317)             *which is Straus Management L.L.C., an*
Anda Tatoiu (#6307155)                     *Illinois limited liability company, also known*
10 South Wacker Drive, Suite 2300          *as Straus Management, LLC*
Chicago, Illinois 60606                    Michael T. Sawyier
(312) 876-1700                             Law Offices of Michael T. Sawyier
rgroholski@dykema.com                      830 East Sidewalk Road
atatoiu@dykema.com                         Chesterton, Indiana 46304
                                           (219) 926-4200
                                           Michael@eplindiana.com

## CERTIFICATE OF SERVICE

I, Liset Holbert, a non-attorney, hereby certify that I served the foregoing Joint Motion for Entry of Consent Judgment on all parties of record through the Court's CM/ECF filing system on May 5, 2020.

By: /s/ *Liset Holbert*

**Prepared by and after
recording, return to**:

Anda Tatoiu
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WOLVERINE PIPE LINE COMPANY,      )

                         )    Case No.: 19-cv-3448

           Plaintiff,     )

                         )

     vs.                  )

                         )

STRAUS MANAGEMENT, L.L.C.,      )

                         )

           Defendant.    )

### CONSENT JUDGMENT

This matter having come before the Court upon the stipulation of the undersigned parties

and the Court being otherwise duly advised in the premises; the Court hereby finds:

      A.       On May 22, 2019, Plaintiff Wolverine Pipe Line Company, a Delaware corporation

("Wolverine"), filed a Complaint against Defendant Straus Management, L.L.C., an Illinois

limited liability company, the correct legal name of which is Straus Management L.L.C., an Illinois

limited liability, and which is also known as Straus Management, LLC (collectively, "Straus").

Straus is the owner in fee simple of certain parcels of real property located in Will County, Illinois

bearing property identification numbers 21-14-23-400-004-0000, 21-14-23-300-015-0020, 21-14-

23-300-015-0010 and 21-14-26-100-005-0010 and legally described in **Exhibit 1** attached hereto

**EXHIBIT A**

(the "Property"). Straus's ownership of the Property was acquired subject to certain pipeline easements and rights of way.

B.      Wolverine is permitted and granted the right by various easements (attached hereto as **Exhibit 2**) and other documents and legal authority to, among other things, survey, clear, and excavate for, lay, locate, construct, reconstruct, operate, inspect, test, own, maintain, protect, repair, replace, remove, and abandon in place one 18-inch pipeline over, under, and through the Property owned by Straus, and to do all other necessary acts for the proper operation and maintenance of its pipelines and necessary facilities for the transportation of liquid petroleum in interstate commerce (the "Easements").

C.      As set forth in Wolverine's Complaint, Wolverine seeks enforcement of its right to maintain the Easements by clearing and removing trees and brush from its rights of way that fall within, under and across the Property, and further seeks the ability to access the pipeline safely for inspection, maintenance and/or repairs. Wolverine's Complaint further seeks removal of certain other encroachments within the Easements.

D.      Wolverine and Straus now stipulate to the relief sought by Wolverine in the Complaint as set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      Wolverine has the right, at Wolverine's sole cost and expense, to remove any and all trees and brush within Wolverine's Easements across the Property (if completely removed from the Property) and to side trim trees overhanging Wolverine's Easements (if said side trimmings are completely removed from the Property) without any obligation or duty to pay compensation or damages to Straus or anyone claiming by, through or under Straus. In the course of the tree

**EXHIBIT A**

removal process, Wolverine shall cause the stump of any tree cut by Wolverine to be ground below grade approximately one to two inches to allow soil and grass/seed to be placed on top. Wolverine's right to remove any and all trees within its Easements across the Property is a continuing right that may be exercised at any time and from time to time.

2.      Straus shall, at its own sole cost and expense: (a) cut and remove a portion of the cement pad/slab within Wolverine's Easements, the exact dimensions of which were marked by Wolverine on March 10, 2020, by no later than June 30, 2020; (b) remove the entirety of the gazebo, and any footings related to the gazebo, within Wolverine's Easements by no later than June 30, 2020; and (c) remove the clothesline poles, along with any associated footings, the planter area, and any other metal poles, along with any associated footings, as identified in Sheets 4 and 5 of 6 in **Exhibit 3** attached hereto, by no later than June 30, 2020.

3.      This Consent Judgment shall run with the Property and all of its terms and provisions shall be binding upon and inure to the benefit of Wolverine and Straus and their respective heirs, successors and assigns.

4.      Wolverine is granted access to the Property from time to time to exercise its easement rights, including without limitation, the right to remove trees utilizing the Easements as access points and/or the route identified and legally described in the Access Agreement attached hereto as **Exhibit 4** (the "Access Agreement"), as such route may be altered from time to time in the future in accordance with the Access Agreement.

5.      Subject to the reserved development rights of the grantors and their successors in interest under the aforesaid Easements, Straus and all others claiming title to or interest in the Property by, through, or under Straus, are permanently enjoined from erecting or placing any new structures or other encroachments (provided that grass, annual crops, and certain agricultural and

EXHIBIT A

dairy fencing, including fence posts and gates shall not be deemed to be an encroachment) within the Easements. Such reserved development rights shall be exercised, if ever, in accordance with the then-applicable prenotification requirements of the Statewide One-Call Notice System (commonly known as JULIE, Inc.) and all of the then-applicable requirements of the Illinois Underground Utility Damage Prevention Act, 220 ILCS 50/1 *et seq.*, or any successor act. In addition, and in connection with any exercise of such reserved development rights, Straus, and all persons claiming an interest in the Property by, through, or under Straus, shall have the right to construct roads, streets, sidewalks, passageways, and utility lines, including without limitation, electric, power, water, sewer, gas, and telephone poles/lines (hereinafter collectively referred to as "Crossings") across the Easements, at an angle of 60° or more but not more than 120°, provided any such above-ground Crossings shall be designed and constructed to keep 36-inches of stable cover between the base of such above-ground Crossings and the top of Wolverine's pipeline(s). However, if Straus, or any person claiming an interest in the Property by, through, or under Straus, plan to use the above-ground Crossings for heavy truckloads or vehicles, then a reinforced concrete slab in the vicinity of the pipeline also may be required. Likewise, Straus, or any person claiming an interest in the Property by, through, or under Straus, may install any below-ground Crossings designed and installed at least two feet below the bottom of Wolverine's pipeline(s). All excavation work performed by Straus, all persons claiming an interest in the Property by, through, or under Straus, or a third party within the Easements shall be in compliance with Wolverine's then-existing Excavation/Construction Restrictions. Straus, and all persons claiming an interest in the Property by, through, or under Straus, shall give Wolverine written notice of any such proposed construction along with the proposed construction plans at least ninety (90) days prior to such

**EXHIBIT A**

construction to allow Wolverine time to determine if such plans necessitate making any alteration, modification or relocation of Wolverine's pipeline(s) or incidental facilities.

6. Straus, and all persons claiming an interest in the Property by, through, or under Straus, shall not change the grade or do any digging or excavation within the Easements without complying with: (a) the then-applicable prenotification requirements of the Statewide One-Call Notice System (commonly known as JULIE, Inc.) and the Illinois Underground Utility Facilities Damage Prevention Act, 220 ILCS 50/1 *et seq*., or any successor act; and (b) Wolverine's then-existing Excavation/Construction Restrictions.

7. A copy of this Consent Judgment may be recorded by Wolverine with the Will County Recorder of Deeds.

Dated:                                          Entered:

                                                _____
                                                JUDGE
Approved as to form and substance:

/s/ Robert B. Groholski                         /s/ Michael T. Sawyier (with consent)
*One of the Attorneys for Plaintiff Wolverine*  *The Attorney for Defendant, Straus*
*Pipe Line Company, a Delaware corporation*     *Management, L.L.C., an Illinois limited*
Dykema Gossett PLLC                             *liability company, the correct legal name of*
Robert B. Groholski (#6272317)                  *which is Straus Management L.L.C., an*
Anda Tatoiu (#6307155)                          *Illinois limited liability company, also known*
10 South Wacker Drive, Suite 2300               *as Straus Management, LLC*
Chicago, Illinois 60606                         Michael T. Sawyier
rgroholski@dykema.com                           Law Offices of Michael T. Sawyier
atatoiu@dykema.com                              830 East Sidewalk Road
                                                Chesterton, Indiana 46304
                                                (219) 926-4200
                                                Michael@eplindiana.com

**EXHIBIT A**

# EXHIBIT 1
# to
# Consent Judgment

EXHIBIT A

# EXHIBIT 1

### Legal Description ("East Parcel")

THE SOUTHWEST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS.
PIN: 21-14-23-400-004-0000

### Legal Description ("West Parcels")

PARCEL 1:
THE EAST 268.30 FEET OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 27 AND THE WEST 226.70 FEET OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 26, ALL IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 2:
THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 (EXCEPT THE EAST 268.30 FEET THEREOF) OF SECTION 27, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 3:
THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 26, EXCEPTING THEREFROM THE WEST 226.70 FEET OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 26 AND THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 27, ALL IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 4:
THE WEST 560.0 FEET OF THE SOUTH 435.0 FEET OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
21-14-23-300-015-0020

PARCEL 5:
THAT PORTION OF THE FOLLOWING DESCRIBED LAND LYING SOUTHERLY AND EASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND SOUTHERN TRACTION COMPANY, NOW KNOWN AS THE CHICAGO AND INTERURBAN TRACTION COMPANY:

THE EAST 69.4515 ACRES OF THE FOLLOWING LAND TAKEN AS A TRACT; THE SOUTHEAST 1/4 OF SECTION 22, (EXCEPT THEREFROM THE RIGHT OF WAY OF THE CHICAGO AND SOUTHERN TRACTION COMPANY, NOW KNOWN AS THE CHICAGO AND INTERURBAN TRACTION COMPANY), AND (ALSO EXCEPT THEREFROM THAT PART THEREOF DEDICATED TO THE PEOPLE OF THE STATE OF ILLINOIS FOR HIGHWAY PURPOSES) IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, MONEE TOWNSHIP, WILL COUNTY, ILLINOIS.
21-14-23-300-015-0010

**EXHIBIT A**

PARCEL 6:
THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 26, IN TOWNSHIP 34 NORTH, RANGE 13
EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-26-100-005-0010

PARCEL 7:
THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 26; THE WEST 1/2 OF THE NORTHEAST 1/4 OF
SECTION 26 AND THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 26, ALL IN TOWNSHIP 34
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-26-100-005-0010

PARCEL 11:
THE WEST HALF OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPTING THEREFROM THE WEST
560.0 FEET OF THE SOUTH 435.0 FEET THEREOF, ALL IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

PARCEL 12:
THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST
OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

PARCEL 13:
THE EAST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH,
RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

**EXHIBIT A**

# EXHIBIT 2
# to
# Consent Judgment

EXHIBIT A

ALL-28850

W-01 (1-69)
ILL.-IND.-MICH.

WJK-81RA

R-W No. __81 RA__
DRAFT __00791__

## GRANT OF PIPE LINE EASEMENT

THIS IS A GRANT dated __November 18 th__, 19 74 by __Harold H. Riegel and__
__Leona Riegel, Husband & Wife__

(herein called "Grantor", whether one or more), to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein called "Grantee").

GRANTOR, in consideration of __EIGHT HUNDRED AND NO/100__
Dollars ($ __800.00__ ) received, hereby conveys and warrants to Grantee, its successors and assigns, the easement and rights, from time to time, to lay, construct, reconstruct, replace, renew, operate, maintain, repair, change the size of, and remove pipes and pipe lines for the transportation of oil, petroleum or any of its products, gas, water and other substances, or any thereof, over, through, under and across the following described land in _____
__Will_____ County, State of _____Illinois_____ (herein called "Land"):

The Southwest Quarter of the Southeast Quarter of Section 23, Township 34 North, Range 13 East of the Third Principal Meridian.

Easement herein conveyed is shown on Plat No. WB-1096 and to the stipulations and conditions on Exhibit "A" both attached and made a part of this conveyance.

together with rights of ingress and egress to and from such pipe line or lines (or any of them) for the aforesaid purposes (hereby releasing and waiving dower and all rights under and by virtue of the homestead exemption laws of __Illinois__ );

TO HAVE AND TO HOLD such easement and rights unto Grantee its successors and assigns, forever.

GRANTOR shall have the right to use and fully enjoy the Land, except as to the easement and rights hereby granted, and except that Grantor shall never install or erect any permanent structures within thirty (30) feet on each side of the initial pipe line laid hereunder.

GRANTEE shall pay any damages to growing crops, timber, drain tiles, fences or buildings on the Land, which may arise from the exercise of the easement and rights hereby granted. However, after the initial pipe line is laid hereunder, Grantee shall have the right to keep the area within thirty (30) feet on each side thereof clear of trees, brush and other natural obstructions, without incurring any liability for damages.

ALL PIPE laid hereunder shall be laid on a route selected by Grantee, and buried to such depth as not to interfere with ordinary cultivation of the Land. Any pipe line after the initial one shall be laid generally parallel therewith and adjacent thereto; and for each such additional line Grantee shall pay an additional consideration equal to the consideration first herein specified.

THIS GRANT embodies the entire agreement between Grantor and Grantee concerning the subject matter hereof, including the consideration paid or to be paid in connection herewith. The easement and rights hereby granted shall be assignable by grantee in whole or in part; and they, as well as the covenants herein, shall bind and inure to the benefit of the heirs, estates, successors and assigns of Grantor, and the successors and assigns of Grantee.

GRANTOR represents that the Land is not either wholly or partly subject to any lease or tenancy of any character, or in possession of, or occupied or farmed by, any person or persons other than Grantor, except as follows:

EXECUTED and delivered by Grantor on the date first herein specified.

WITNESSES:

_Martin J Bescia_

_Harold H. Riegel_
Harold H. Riegel

_Leona Riegel_
Leona Riegel

_1 of 4_

EXHIBIT A

2          R74-28850

R/W____81 RA____                    (FOR USE OF RECORDER'S OFFICE)

## GRANT OF PIPE LINE EASEMENT

RECORDER:

Please return _WM Pick Up._
        To  _Call 312-756-4800_

WOLVERINE PIPE LINE COMPANY

John T. Jenkinson
Executive Plaza  Suite 309
1010 Dixie Highway
Chicago Heights, Illinois  60411

### ACKNOWLEDGMENT BY INDIVIDUALS

STATE OF _ILLINOIS_ }
COUNTY OF _WILL_ } ss:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared ____HAROLD H RIEGEL & LEONA RIEGEL HIS WIFE____, personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _THEY_ executed and delivered that instrument as _THEIR_ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _NOV. 18_ , 19 _74_

Notary Public
Commission expires: _9-16-23_

STATE OF ____ }
COUNTY OF ____ } ss:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____, personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _____ executed and delivered that instrument as _____ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____, 19 _.

Notary Public
Commission expires: _____

### ACKNOWLEDGMENT BY CORPORATION

STATE OF ____ }
COUNTY OF ____ } ss:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____ and _____ personally known to me to be, and to be the same persons whose names are subscribed to the foregoing instrument as, _____ and _____ respectively, of _____ the _____ corporation named in and which executed that instrument; and they severally acknowledged that, in those respective capacities, they executed the instrument in the name and behalf of that corporation, affixed its corporate seal thereto and caused the same to be delivered, by authority of its Board of Directors, and as their own and the corporation's free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____, 19 ____

Notary Public
Commission expires: _____

This instrument prepared

by John T. Jenkinson
   Wolverine Pipe Line Co.
   1010 Dixie Highway
   Chicago Heights, Illinois

**EXHIBIT A**

H-24-28850

## EXHIBIT "A"

1. It is understood and agreed that no above ground appurtenances will
   be installed on said right-of-way, other than markers and vent pipes
   on property lines.

2. Grantor hereby reserves the right to construct and maintain roadways,
   water lines, sewer lines and utility lines across the easement area
   at right angles or as near right angles as is reasonably possible,
   except that such use shall not endanger or interfere with Grantee's
   facilities or prevent or interfere with the exercise by Grantee of
   its rights hereunder.

3. Grantee agrees that ingress and egress to the property be restricted
   to the right-of-way herein granted, and further, no private road of
   Grantor shall be used by Grantee, it's Agents, or Contractor without
   specific written permission from Grantor.

*3*

EXHIBIT A

FILED-RECORDERS OFFICE
WILL COUNTY, ILL.

'76 MAR 17 AM 11:28

RECORDER
MICROFILMED

## GRANT OF PIPE LINE EASEMENT

This is a grant dated this __5th__ day of March , 1976,
by PARK FOREST SOUTH DEVELOPMENT COMPANY, an Illinois Partnership
for itself, its successors and assigns (herein called "Grantor")
to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein
called "Grantee").

The Grantor, for and in consideration of __Thirty Six__
__Thousand Nine Hundred Fifty-Seven and 60/100__ ($36,957.60)----
Dollars, receipt of which hereby is acknowledged by the under-
signed, hereby quit claims and conveys (excepting existing
easements of record) unto the Grantee, its successors and assigns,
the right to survey, clear and excavate for, lay, construct,
reconstruct, operate, inspect, test, maintain, protect, repair,
replace, remove and abandon in place one 18-inch pipe line and
underground appurtenances for the transportation of oil, gas
and other substances which can be transported through a public
utility pipe line within, under, upon and across the following
described real estate, situated in Will County, Illinois, to-wit:

Centerline description of a strip or tract of land
Sixty (60) feet in width in, through and across the
Northeast Quarter of the Northeast Quarter of Section
27, Township 34 North, Range 13 East of the Third
Principal Meridian, in Will County, Illinois. Said
strip or tract lying a perpendicular distance of 30
feet left of, and 30 feet right of the following
described centerline:

BEGINNING at a point on the West bound of said East
Half of the Northeast Quarter, from which beginning
point the Northwest corner of said East Half of the
Northeast Quarter bears Northerly along said West
bound a distance of 176.5 feet;

Thence N 71° 32' 37" East a distance of 590.8 feet
more or less to a terminal point on the North bound
of said Section 27, from which terminal point the
Northeast corner of said Section 27 bears Easterly
along said North bound, a distance of 756.3 feet.
Said centerline being in all a total distance of
590.8 feet or 35.80 rods more or less in length.
(77RA)

Prepared by
John O'Brien
68 N Chicago St
Joliet 60431

1 of 9

EXHIBIT A

Description of a strip or tract of land sixty (60) feet in width, in, through, and across that portion of the Southeast Quarter of Section 22, Township 34 North, Range 13 East of the Third Principal Meridian, in Will County, Illinois, conveyed to the Chicago Title and Trust Company, Trustee, by instrument recorded September 13, 1971 as Document No. R71-22065 in the Will County, Illinois Recorder's Office, save and except, however, the West 62.2265 acres of the East 80.9765 acres thereof. Said strip or tract of land lying perpendicular distances of 30 feet left of and 30 feet right of the following described line:

BEGINNING at a point on the west line of said remnant Chicago Title and Trust Company tract, from which BEGINNING point the southwest corner of said tract bears southerly along said west line, a distance of 138.2 feet;

THENCE North 71° 32' 37" East, a distance of 234.3 feet to a point;

THENCE North 62° 30' 03" East, a distance of 100.0 feet, more or less, to a terminal point on the east line of said Section 22, from which terminal point the Southeast corner of said Section 22 bears southerly along said East line, a distance of 255.4 feet.

Said line being in all a total distance of 334.3 feet or 20.26 rods, more or less, in length.
(78RA)

Description of Two (2) strips or tracts of land sixty (60) feet in width, in, through, and across those portions of the Southeast Quarter of Section 22 and the Southwest Quarter of Section 23, all in Township 34 North, Range 13 East of the Third Principal Meridian in Will County, Illinois, conveyed to Park Forest South Development Company by separate instruments recorded November 22, 1974 as Document No. R74-29103, November 7, 1974 as Document No. R74-27772, January 25, 1974 as Document No. R74-02108, January 17, 1972 as Document No. R72--1252, October 20, 1972 as Document No. R72-30838, and April 30, 1974 as Document No. R74-09788 in the Will County, Illinois Recorder's Office. Said strips or tracts of land lying perpendicular distances of 30 feet left of and 30 feet right of the following described centerline segments, hereinbelow, described as Segment No. 1 and Segment No. 2, respectively:

Segment No. 1:
BEGINNING at a point on the south line of said Section 22, which BEGINNING point bears westerly along said South line, a distance of 756.6 feet from a 3/4 inch iron pipe found marking the Southeast corner of said Section 22;

-2-

EXHIBIT A

THENCE North 71° 32' 37" East, a distance of 465.8
feet, more or less, to a terminal point on the East
line of that tract described in said instrument
recorded as Document No. R74-02108, from which terminal
point the Southeast corner of said tract bears Southerly
along said East line, a distance of 138.2 feet.

Said Segment No. 1 being in all a total distance of
465.8 feet or 28.23 rods, more or less, in length.

Segment No. 2:
BEGINNING at a point on the East line of the West
560 feet of the South 435 feet of the West Half of
the Southwest Quarter of the Southwest Quarter of
said Section 23, which BEGINNING point bears northerly
along said east line, a distance of 416.2 feet; from
the South bound of said Section 23;

THENCE North 72° 47' 52" East, a distance of 94.7 feet
to a point;

THENCE North 77° 46' 05" East, a distance of 172.1
feet to a point;

THENCE North 73° 00' 55" East, a distance of 1890.9
feet, more or less, to a terminal point on the East
line of said Southwest Quarter of Section 23, from
which terminal point the South Quarter corner of
said Section 23 bears Southerly along said East line
a distance of 994.0 feet.

Said Segment No. 2 being in all a total distance of
2,157.7 feet or 130.77 rods, more or less, in length.

Said Segments Nos. 1 and 2 being in all a total distance
of 2,623.5 feet or 159.00 rods, more or less, in length.
(79RA)


Description of a strip or tract of land sixty (60)
feet in width, in, through, and across a portion of
the East 3/4 of the North Half of the Southeast Quarter
of Section 23, Township 34 North, Range 13 East of the
Third Principal Meridian in Will County, Illinois, as
described in deed from Wilmer Halfeldt, et ux, to Park
Forest South Development Co. recorded February 19, 1975
as Document No. R75-4123, in the Will County, Illinois
Recorder's Office.  Said strip or tract lying a perpend-
icular distance of 30 feet left of, and 30 feet right
of the following described line:

BEGINNING at a point on the South bound of said North
Half of the Southeast Quarter from which BEGINNING
point the Southeast corner of said North Half of the
Southeast Quarter bears easterly along said South bound,
a distance of 1,481.2 feet;

-3-

EXHIBIT A

THENCE North 73° 00' 55" East, a distance of
1,495.3 feet to a point; THENCE North 71° 19'
39" East, a distance of 37.8 feet, more or less
to a terminal point on the East bound of said
North Half of the Southeast Quarter from which
terminal point the Southeast corner of said North
Half of the Southeast Quarter bears Southerly
along said East bound, a distance of 421.5 feet.

Said line being in all a total distance of 1,533.1
feet or 92.92 rods, more or less, in length.
(82RA)

1.  The said Grantor shall have the right to use and
enjoy the surface of said premises, but shall not interfere with
the use of the same by Grantee for any of the purposes hereinabove
granted.  No permanent structure shall be placed on said easement
without the express written permission of the Grantee.  Grantee
   <small>except as referred to below</small>
shall replace in a good and workmanlike manner all tile cut in
the construction of its lines hereunder.  Grantee shall not place
any above surface appurtenances, markers or manholes, except as
required by statute.

2.  Grantee agrees to pay to the owner of said land and
to any tenant or lessee thereof, as their respective interests may
appear, any damages to fences, growing crops and timber which
may be caused by the exercise of the rights hereinunder authorized.
Completion of construction shall be completed within 90 days,
unless delayed by weather or unavoidable circumstances, and Grantor
shall be compensated if such delay interferes with normal farming
operations.

3.  Grantee shall replace with equal quality fencing
all fences removed by it for construction or maintenance and,
in addition, Grantee, before it removes any fencing that contains
animals, shall install temporary fencing that is suitable for said
purpose, and will remove said temporary fencing at the completion
of said construction or maintenance operations.

-4-

EXHIBIT A

4. Grantee will remove top soil from the trench as a separate operation, segregate it from the sub soil and replace it in its original relative position.

5. Any excess soil shall be placed on the premises at the direction of the Grantor.

6. The Grantee shall indemnify and defend the Grantor against all claims, suits or demands brought against the Grantor arising out of the exercise of the rights granted by this Agreement for Right-of-Way.

7. All tile lines cut will be replaced in kind and supported by a cradle of sufficient strength so backfill will not disturb it. Grantor shall inspect all tile lines so cut before backfill is made and said Grantor will be compensated for his time in making such inspection.

8. Stones are to be removed from the premises caused by construction and Grantee shall be responsible for removal of stones appearing later as a result of pipe line construction. Stones are defined as three inches in diameter; limitation of three inches does not mean three inches at all points.

9. Grantee will construct said pipe line and restore the land so that the existing flow of water drainage is not changed or altered.

10. Grantor reserves the right to place along, across, and over the pipe line right of way as many roads, streets, sidewalks, passageways, electric light and power lines, water lines, sewer lines, drainage lines, gas lines, telephone poles and telephone lines, and other utilities as Grantor or its assigns may desire. If any utility line is placed parallel to such right of way, such line shall not be placed directly over any pipe line therein. It is agreed by the Grantee, in this regard, that any additional expense of the Grantor/in exercising its successors and assigns

-5-

EXHIBIT A

any right herein reserved, caused by the presence of the pipe line as constructed hereunder shall be borne by the Grantee or its successors and assigns.

11. The pipe line constructed on the premises shall be buried to a depth of not less than 36 inches measured from the top of the pipe to the average level of the original ground on the two sides of the ditch in which the pipe line is laid.

12. After the installation of any pipe line on the pipe line right of way, and after the abandonment or expiration of this grant for any cause, Grantee shall remove all pipe and other property placed on the premises by or for Grantee, fill and level all ditches, ruts, and depressions caused by construction or removal operations, remove all debris resulting therefrom, remove all stakes and posts that Grantee may have put into the ground, and generally restore the surface and repair pipe line related subsidence over the surface of the pipe line right of way as near to its original condition as may be possible, all within a reasonable time after the installation of such pipe line or the abandonment or expiration of this grant. If Grantee fails to do so, Grantor may do so at Grantee's risk and expense, and Grantee agrees to reimburse Grantor for the cost of such removal and restoration operations.

13. The Grantee agrees to furnish the Grantor "as built" drawings after the pipe line has been constructed.

14. The Grantee covenants and agrees to construct and maintain the pipe line in compliance with all present or future applicable federal, state and local governmental laws, standards, rules, and regulations, and covenants further that at the time of future development of adjacent land by the Grantor, its successors and assigns that it will upgrade the pipe line and its appurtenances to satisfy the requirements of any federal state or local governmental agency whether such requirement relates to regulation for safety purposes or otherwise.

-6-

EXHIBIT A

14. To have and to hold said Right of Way unto said Grantee, its successors and assigns until a pipe line be constructed under and across the above described real estate and so long thereafter as a pipe line is maintained thereon. The rights herein granted may be assigned in whole or in part.

15. It is understood that the person securing this grant is without authority to make any agreement in respect to the subject matter hereof not herein expressed.

SIGNED and DELIVERED on the date aforesaid.

PARK FOREST SOUTH DEVELOPMENT COMPANY, an Illinois Partnership By THE MANILOW ORGANIZATION, INC.

By _____
                    President

ATTEST:

_____
                    Sec.

WOLVERINE PIPE LINE COMPANY, a Delaware Corporation

By _____
     Joseph K. Devine

WITNESS:

_____

Chicago Title & Trust Company, as Trustee under Trust Deed recorded as Document No. R75-4124

_____
ASST. VICE PRESIDENT

_____
ASST. SECRETARY

-7-

EXHIBIT A

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF WILL    )

       I, the Undersigned, a Notary Public, in and for
the County and State aforesaid, DO HEREBY CERTIFY that Lewis
Manilow, personally known to me to be the President of the
PARK FOREST SOUTH DEVELOPMENT COMPANY, an Illinois Partnership
By THE MANILOW ORGANIZATION, INC., and Janet J. Gaszak, person-
ally known to me to be the Secretary of said corporation, and
personally known to me to be the same persons whose names are
subscribed to the foregoing instrument, appeared before me this
day in person and severally acknowledged that as such President
and Secretary, they signed and delivered the said instrument as
President and Secretary of said corporation, and caused the
corporate seal of said corporation to be affixed thereto, pur-
suant to authority, given by the Board of Directors of said cor-
poration as their free and voluntary act, and as the free and
voluntary act and deed of said corporation, for the uses and
purposes therein set forth.

       Given under my hand and official seal, this
day of March, 1976.

                         _____
                         Notary Public

(8)

EXHIBIT A

STATE OF ILLINOIS )
                  ) SS:
COUNTY OF WILL    )


BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared Joseph K. Devine, personally known to me to be the same person named in, and whose name is subscribed to, the foregoing instrument, and acknowledged that he executed and delivered that instrument as his free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _March 30, 1976_.

                                    Notary Public

COMMISSION EXPIRES: _5/21/78_ .

(9)

Mail To:
Wolverine Pipe Line Company
1010 Dixie Hiway
Suite No. 406
Chicago Heights, Illinois - 60411

EXHIBIT A

W-01 (1-69)
ILL.-IND.-MICH.

R-W No. 80 RA
DRAFT 00778

## GRANT OF PIPE LINE EASEMENT

THIS IS A GRANT dated    August 23,       , 1974 by   Charles A. Bibeau and

Dorothea Bibeau, his wife

(herein called "Grantor", whether one or more), to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein called "Grantee").

GRANTOR, in consideration of Ten and No/100 and other valuable consideration
Dollars ($ 10.00       ) received, hereby conveys and warrants to Grantee, its successors and assigns, the easement and rights, from time to time, to lay, construct, reconstruct, replace, renew, operate, maintain, repair, change the size of, and remove pipe lines for the transportation of oil, petroleum or any of its products, gas, water and other substances, or any thereof, over, through, under and across the following described land in

Will       County, State of Illinois       (herein called "Land"):
A strip of land sixty (60) feet in width in thru and across the West 560 feet
of the South 435 feet of the West half of the Southwest Quarter of the Southwest Quarter, Section 23, Township 34 North, Range 13 East of the third Principal Meridian. (Refiled to show EXHIBIT "A" Dwg. No. WB-1084)

Grantor reserves the right to construct and maintain roadways, water lines, sewer lines, and utility lines across the easement area at right angles or as near right angles as is reasonably possible, except that such use shall not endanger or interfere with the Grantees facilities or prevent or interfere with the exercise by Grantor of its rights hereunder.

No above ground facilities (other than location markers placed in property boundaries) shall be constructed hereunder.

together with rights of ingress and egress to and from such pipe line or lines (or any thereof) for the aforesaid purposes (hereby releasing and waiving dower and all rights under and by virtue of the homestead exemption laws of
Illinois       );

TO HAVE AND TO HOLD such easement and rights unto Grantee its successors and assigns, forever.

GRANTOR shall have the right to use and fully enjoy the Land, except as to the easement and rights hereby granted, and except that Grantor shall never install or erect any permanent structures within the easement area
~~Six of xx xxxx pipe line laid hereunder.~~

GRANTEE shall pay any damages to growing crops, timber, drain tiles, fences or buildings on the Land, which may arise from the exercise of the easement and rights hereby granted. However, after the initial pipe line is laid hereunder, Grantee shall have the right to keep the area within the easement area thereof clear of trees, brush and other natural obstructions, without incurring any liability for damages.

ALL PIPE laid hereunder shall be laid on a route selected by Grantee, and buried to such depth as not to interfere with ordinary cultivation of the Land. Any pipe line after the initial one shall be laid generally parallel therewith and adjacent thereto; ~~and for each such additional line Grantee shall pay an additional consideration equal to the consideration xxxxxxx xx xxxx specified.~~

THIS GRANT embodies the entire agreement between Grantor and Grantee concerning the subject matter hereof, including the consideration paid or to be paid in connection herewith. The easement and rights hereby granted shall be assignable by grantee in whole or in part; and they, as well as the covenants herein, shall bind and inure to the benefit of the heirs, estates, successors and assigns of Grantor, and the successors and assigns of Grantee.

GRANTOR represents that the Land is not either wholly or partly subject to any lease or tenancy of any character, or in possession of, or occupied or farmed by, any person or persons other than Grantor, except as follows:

R82-23015
Re  FILED-RECORDERS OFFICE
WILL COUNTY. ILL.

1982 OCT 29 PM 12: 15

James S. O'Donnell
RECORDER
MICROFILMED

EXECUTED and delivered by Grantor on the date first herein specified.

Charles A. Bibeau

Dorthea G. Bibeau

WITNESSES:

J. L. Denison

1 of 3          cwl. With R74-13289

**EXHIBIT A**

R/W 80 RA

**GRANT OF PIPE LINE EASEMENT**

(FOR USE OF RECORDER'S OFFICE)

*Prepared by*
*J. T. Jenkinson*

To

**WOLVERINE PIPE LINE COMPANY**

~~1010 Dixie highway, Suite 307-309~~
~~Chicago Heights, Illinois 60411~~

R74-23308
FILED-RECORDERS OFFICE
WILL COUNTY, ILL.

'74 SEP 18 PM 12: 39

*Kenneth George*
RECORDER
MICROFILMED

After Recording Return to:

**WOLVERINE PIPE LINE CO.**
**1595 W. CENTRE**
**KALAMAZOO, MICHIGAN 49002**

## ACKNOWLEDGMENT BY INDIVIDUALS

STATE OF _Illinois_ ⎫
COUNTY OF _Will_ ⎬ ss:
⎭

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _CHARLES A. BIBEAU ANN DOROTHEA G. BIBEAU_ _____,

personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _THEY_ executed and delivered that instrument as _THEIR_ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _8-26_ , 19 _74_

_Monroe J. Garman_
Notary Public
Commission expires: _12-2-77_

STATE OF _____ ⎫
COUNTY OF _____ ⎬ ss:
⎭

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____,

personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _____ executed and delivered that instrument as _____ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____ , 19 ___.

_____
Notary Public
Commission expires: _____

## ACKNOWLEDGMENT BY CORPORATION

STATE OF _____ ⎫
COUNTY OF _____ ⎬ ss.:
⎭

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____ and _____,

personally known to me to be, and to be the same persons whose names are subscribed to the foregoing instrument as, _____ and _____,

respectively, of the _____ corporation named in and which executed that instrument; and they severally acknowledged that, in those respective capacities, they executed the instrument in the name and behalf of that corporation, affixed its corporate seal thereto and caused the same to be delivered, by authority of its Board of Directors, and as their own and the corporation's free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____ , 19 ___.

This instrument prepared

by _John T. Jenkinson_ & Max Farr
Wolverine Pipe Line Company

Notary Public
Commission expires: _____

**EXHIBIT A**

## PT. SW 1/4 SEC. 23 T.·N R·13·E
## WILL COUNTY, ILLINOIS



**EXHIBIT A**

Re/

## EASEMENT DESCRIPTION

A strip of land sixty (60) feet in width, in thru,
and across the West 560 feet of the South 435 feet
of the West half of the Southwest Quarter of the
Southwest Quarter, Section 23, Township 34 North,
Range 13 East of the Third Principal Meridian in
Will County, Illinois.

Existing
PROPOSED 18" WOLVERINE PIPELINE

EXACO - CITIES SER P/L

PARK FORREST SOUTH DEVELOPMENT CO.
4-30-1971
Doc N° R74-9788

———— Sec. Ln.

(80 RA)

582.1 FEET 35.28 RODS

## EXHIBIT "A"

BK. 201   PG. 50-51          BEARING DATUM: ILLINOIS STATE GRID - EAST ZONE

| NO. | REVISION | DATE | CHK. | APPR. | | | | |
|-----|----------|------|------|-------|---|---|---|---|
| | | | | | ENGINEER | JP | | |
| | | | | | DRAWN BY | RM | 12-2-74 | |
| I | CHG'D. PIPELINE LOCATION TO 30' OFF T.-C.S. P/L | 10/28/75 | | | ENG. CHECK | JP | 4-7-75 | |
| | | | | | DR. CHECK | JP | 4-7-75 | |

WOLVERINE PIPE LINE CO.
KALAMAZOO, MICHIGAN

JOLIET TO KENNEDY AVE. 18" LINE
CROSSING
CHARLES A. BIBEAU, ET UX.

THIS DRAWING AND ALL INFORMATION THEREON IS THE PROPERTY OF WOLVERINE PIPE LINE COMPANY AND SHALL NOT BE COPIED OR USED EXCEPT FOR THE PURPOSE FOR WHICH IT IS EXPRESSLY FURNISHED. THE DRAWING AND ANY COPIES THEREOF (PARTIAL OR COMPLETE) SHALL BE RETURNED TO THE OWNER ON DEMAND.

APPROVED:        DATE
J. S. Powell 4-7-75

| SCALE: | DWG. NO. | REV. |
|--------|----------|------|
| 1"=100' | WB-1084 | |

pg 3

EXHIBIT A

# EXHIBIT 3
# to
# Consent Judgment

EXHIBIT A





EXISTING 60' WIDE
PIPELINE EASEMENT
PER DOC.# R76-07268

EXISTING 60' WIDE
PIPELINE EASEMENT
PER DOC.#
R82-23015

W. LINE, SECTION 23, T.34N., R.13E., PROPERTY LINE
E. LINE, SECTION 22, T.34N., R.13E., PROPERTY LINE

PROPERTY LINE

SHEET 6 OF 6

EXISTING 60' WIDE PIPELINE
EASEMENT PER DOC.# R76-07268

SHEET 5 OF 6

SHEET 4 OF 6

PROPERTY LINE

S. LINE, SECTION 22, T.34N., R.13E.
N. LINE, SECTION 27, T.34N., R.13E.

22 | 23
OLENDORF RD.
27 | 26

S. LINE, SECTION 23, T.34N., R.13E.
N. LINE, SECTION 26, T.34N., R.13E.

PROPERTY LINE

SHEET 3 OF 6

PROPERTY LINE

SHEET 2 OF 6

EXISTING 60' WIDE PIPELINE
EASEMENT PER DOC.# R76-07268



**HOLLAND**
**ENGINEERING**

ENGINEERING | SURVEYING | PIPELINE SERVICES

220 Hoover Boulevard, Suite 2        26555 Evergreen Rd. Suite 430
Holland, Michigan 49423-3766         Southfield, Michigan 48076
T 616-392-5938  F 616-392-2116       T 248-827-7322  F 248-827-7549

www.hollandengineering.com

<u>EXISTING 18" PIPELINE EASEMENT</u>
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS



| | |
|---|---|
| DATE: 09-11-2019 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 40' | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 1 of 6 |

**EXHIBIT A**

SEE SHEET 3 OF 6

OLENDORF RD.

S. LINE, SECTION 22, T.34N., R.13E.

N. LINE, SECTION 27, T.34N., R.13E.

MATCH LINE

4"PINE

3"CEDAR

6"PINE

4"PINE

PROPERTY LINE

60'

EXISTING 60' WIDE PIPELINE
EASEMENT PER DOC.# R76-07268

4"PINE
4"PINE
6"PINE
4"PINE

15"PINE
11"PINE
10"PINE
11"PINE
19"PINE
8"PINE





**HOLLAND** ENGINEERING

ENGINEERING | SURVEYING | PIPELINE SERVICES

220 Hoover Boulevard, Suite 2    26555 Evergreen Rd. Suite 430
Holland, Michigan 49423-3766    Southfield, Michigan 48076
T 616-392-5938  F 616-392-2116    T 248-827-7322  F 248-827-7549

www.hollandengineering.com

EXISTING 18" PIPELINE EASEMENT
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS

**Wolverine** pipe line company

| DATE: 09-11-2019 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 40 | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 2 of 6 |

EXHIBIT A



SEE SHEET 4 OF 6

EXISTING 60' WIDE PIPELINE EASEMENT PER DOC.# R76-07268

FENCE

SEE SHEET 2 OF 6

60'

OLENDORF RD.

MATCH LINE

S. LINE, SECTION 22, T.34N., R.13E.

N. LINE, SECTION 27, T.34N., R.13E.

MATCH LINE



H⦿LLAND
ENGINEERING

ENGINEERING | SURVEYING | PIPELINE SERVICES

220 Hoover Boulevard, Suite 2       26555 Evergreen Rd. Suite 430
Holland, Michigan 49423-3766        Southfield, Michigan 48076
T 616-392-5938  F 616-392-2116      T 248-827-7322  F 248-827-7549

www.hollandengineering.com

EXISTING 18" PIPELINE EASEMENT
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS



Wolverine
pipe line company

| DATE: 09-11-2019 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 200' | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 3 of 6 |

EXHIBIT A



SEE SHEET 3 OF 6

MATCH LINE

EXISTING 60' WIDE PIPELINE EASEMENT PER DOC.# R82-23015

60'

FENCE
GATE
FENCE
FENCE
FENCE
GATE
GATE
FENCE
FENCE
GATE

POLE
POLE
CONCRETE

34"OSAGE ORANGE
32"OSAGE ORANGE
18"OSAGE ORANGE
18"OSAGE ORANGE
20"OSAGE ORANGE

W. LINE, SECTION 23, T34N, R13E, PROPERTY LINE

EXISTING 60' WIDE PIPELINE EASEMENT PER DOC.# R76-07288

60'

4"MAPLE

32"MAPLE

PLANTER AREA

STEEL POLE

WOOD GAZEBO

BRICK HOUSE

MATCH LINE

SEE SHEET 5 OF 6



ENGINEERING | SURVEYING | PIPELINE SERVICES
220 Hoover Boulevard, Suite 2      26555 Evergreen Rd. Suite 430
Holland, Michigan 49423-3766      Southfield, Michigan 48076
T 616-392-5938  F 616-392-2116    T 248-827-7322  F 248-827-7549
www.hollandengineering.com

EXISTING 18" PIPELINE EASEMENT
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS



| DATE: 09-11-2018 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 40' | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 4 of 6 |

EXHIBIT A





**HOLLAND ENGINEERING**

ENGINEERING | SURVEYING | PIPELINE SERVICES
220 Hoover Boulevard, Suite 2      26555 Evergreen Rd. Suite 430
Holland, Michigan 49423-3766       Southfield, Michigan 48076
T 616-392-5938  F 616-392-2116     T 248-827-7322  F 248-827-7549
www.hollandengineering.com

EXISTING 18" PIPELINE EASEMENT
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS



**Wolverine** pipe line company

| | |
|---|---|
| DATE: 09-11-2019 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 40' | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 5 of 6 |

EXHIBIT A







EXISTING 18" PIPELINE EASEMENT
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS

| DATE: 09-11-2019 | HEI PROJECT # 18-11-046 |
| SCALE: 1" = 40' | DRAWN BY: AJN |
| DWG NO. 18-11-046 | SHEET: 6 of 6 |

EXHIBIT A

# EXHIBIT 4
# to
# Consent Judgment

EXHIBIT A

**Prepared by and after
recording, return to:**

Anda Tatoiu
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

# ACCESS AGREEMENT

STATE OF ILLINOIS §
§     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF WILL §

WHEREAS, Straus Management L.L.C., an Illinois limited liability company, a/k/a Straus Management, L.L.C., an Illinois limited liability company, a/k/a Straus Management, LLC, hereinafter collectively referred to as the "Landowner," represents and warrants that it is the present fee simple owner of certain parcels of land, hereinafter referred to as "Landowner's Land" bearing property identification numbers 21-14-23-400-004-0000 (the "East Parcel"), 21-14-23-300-015-0020, 21-14-23-300-015-0010, and 21-14-26-100-005-0010 (collectively, the "West Parcels") and legally described in **Exhibit 1** attached hereto, which is encumbered by The Pipeline Easement (as defined below);

WHEREAS, Wolverine Pipe Line Company, a Delaware corporation, hereinafter referred to as "Wolverine," is the present owner of the pipeline right of way and easement or easements, hereinafter referred to collectively as "The Pipeline Easement", covering lands in Will County, Illinois, pursuant to the following instruments (attached hereto as **Exhibit 2**):

    A.    A pipeline easement from Harold H. Riegel and Leona Riegel, husband and wife, to Wolverine, dated November 18, 1974 over, through, under, and across the East Parcel (the "Riegel Easement"). The Riegel Easement was recorded in the Will County Recorder's Office on November 19, 1974 as document number R74-28850;

    B.    A pipeline easement from Park Forest South Development Company, an Illinois partnership, to Wolverine, dated March 5, 1976, over, through, under, and across certain parcels of real property located in Will County, Illinois, including the West Parcels (the "Park Forest Easement"). The Park Forest Easement was recorded with the Will County Recorder's Office on March 17, 1976 as document number R76-07268; and

    C.    A pipeline easement from Charles A. Bibeau and Dorothea Bibeau, husband and wife, to Wolverine, dated August 23, 1974, over, through, under, and across a portion of one of the West Parcels (PIN 21-14-23-300-015-0020) identified by Wolverine's internal numbering system as WJK - 80RA (the "Bibeau Easement"). The Bibeau Easement was recorded with the Will County Recorder's Office on September 18, 1974 as document number R74-23308 and re-recorded October 29, 1982 as document number R82-23015.

WHEREAS, Wolverine, as The Pipeline Easement owner, is as a matter of law entitled to reasonable access to The Pipeline Easement, including without limitation, access through the The Pipeline Easement;

**EXHIBIT A**

WHEREAS, certain areas of The Pipeline Easement are not reasonably accessible through The Pipeline Easement due to deep ditches or other obstructions within The Pipeline Easement; and

WHEREAS, Wolverine and Landowner desire to expressly designate an additional access route to The Pipeline Easement, which additional access route is legally described on **Exhibit 3** attached hereto and incorporated herein (the "Access Area").

NOW, THEREFORE, for and in consideration of the premises and of the covenants and conditions herein contained, the parties hereto do hereby agree as follows:

1. Subject to Landowner's right to designate and provide a reasonable alternative access area within the Property as provided in Paragraph 2 hereof, Landowner hereby grants and conveys to Wolverine, a perpetual, non-exclusive easement appurtenant for Wolverine, its employees, contractors, invitees and agents, over, across, and through the Access Area to access the land subject to The Pipeline Easement. Landowner acknowledges and agrees that Wolverine may, at any time and from time to time, enter upon Landowner's Land and Access Area with equipment, machinery and labor for purposes of exercising its rights under The Pipeline Easement and this Access Agreement.

2. Landowner agrees that it will not unreasonably interfere with Wolverine's exercise of its rights and privileges under this Access Agreement. Accordingly, Landowner shall not place any structures or obstructions within the Access Area before providing Wolverine a reasonable alternative access area within Landowner's Land, whereupon Wolverine's easement over the Access Area herein legally described shall end and be replaced by the defined reasonable alternative access area.

3. Should Landowner be in breach of its obligations under this Agreement, then Wolverine shall give Landowner written notice specifying the nature of the breach and a reasonable time period to remedy said breach. Should Landowner fail to remedy the breach within the time period specified by Wolverine, then Wolverine shall have the right to pursue all rights and remedies available to it at law or in equity.

4. Landowner agrees to execute, acknowledge and deliver all instruments and assurances and to take all such further action as shall be necessary to fully carry out this Access Agreement. Landowner represents and warrants to Wolverine that no mortgages or other liens encumber the Access Area.

5. Any notice required pursuant to this Access Agreement shall be in writing and shall be deemed to be properly given if addressed to the appropriate party at the addresses below and sent by the method(s) designated below. Any notice made hereunder shall be in writing, signed by the party giving such notice and shall be deemed to have been properly given when delivered in accordance with the methods outlined below. The effective dates of any notice given as aforesaid shall be the date of receipt. Any party shall have the right to change the persons or addresses for any such notice by written notification pursuant to this provision.

In the case of WOLVERINE via overnight courier:

Wolverine Pipe Line Company
8075 Creekside Drive, Suite 210
Portage, MI 49024-6303
Attention: Right of Way Agent
Phone: (269) 323-2491 x124
Facsimile: (269) 323-9359

In the case of LANDOWNER via e-mail and overnight courier:

Kala Straus
Manager of Landowner
eks_kala@hotmail.com
1351 East 56th Street
Chicago, IL 60637

With a copy sent by like means to:
Michael T. Sawyier
michael@eplindiana.com
830 East Sidewalk Road,
Chesterton, IN 46304
Phone: (219) 926-4200
Facsimile: (219) 926-4225

EXHIBIT A

6. This Access Agreement shall run with the land, and all of its terms and provisions shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors, legal representatives, and assigns until released of record by Wolverine or its successors or assigns. By the acceptance of legal title to Landowner's Land, a party agrees to be bound by the covenants set forth herein.

7. This Access Agreement may be executed in separate counterparts, which taken together shall constitute one and the same agreement. This Access Agreement may be executed by photocopy, facsimile or portable document format (.pdf) signatures, which shall be deemed original signatures for all purposes.

In Witness Whereof we have caused this ACCESS AGREEMENT to be executed this __28th__ day of _____April_____, 2020.

**STRAUS MANAGEMENT L.L.C.,** an Illinois limited liability company, a/k/a **STRAUS MANAGEMENT, L.L.C.,** an Illinois limited liability company, a/k/a **STRAUS MANAGEMENT, LLC**

By: _Elizabeth Straus_

Printed Name: _Elizabeth Straus_

Its: _Manager_

**WOLVERINE PIPE LINE COMPANY,** a Delaware corporation

By: _____

    Printed Name: Matthew P. Dunne

    Title: Vice President

**EXHIBIT A**

6.  This Access Agreement shall run with the land, and all of its terms and provisions shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, successors, legal representatives, and assigns until released of record by Wolverine or its successors or assigns.  By the acceptance of legal title to Landowner's Land, a party agrees to be bound by the covenants set forth herein.

7.  This Access Agreement may be executed in separate counterparts, which taken together shall constitute one and the same agreement.  This Access Agreement may be executed by photocopy, facsimile or portable document format (.pdf) signatures, which shall be deemed original signatures for all purposes.

In Witness Whereof we have caused this ACCESS AGREEMENT to be executed this __28th__ day of _____April_____, 2020.

**STRAUS MANAGEMENT L.L.C.,** an Illinois limited liability company, a/k/a **STRAUS MANAGEMENT, L.L.C.,** an Illinois limited liability company, a/k/a **STRAUS MANAGEMENT, LLC**

By:_____
Printed Name:_____
Its:_____

**WOLVERINE PIPE LINE COMPANY**, a Delaware corporation

By:_____ 4-27-2020
Printed Name: Matthew P. Dunne
Title: Vice President

**EXHIBIT A**

STATE OF MICHIGAN      §

§

COUNTY OF KALAMAZOO      §

This instrument was acknowledged before me on this 27th day of April_____, 2020, by Matthew P. Dunne, Vice President of Wolverine Pipe Line Company, a Delaware corporation, on behalf of said corporation.

NOTARY PUBLIC: _Deborah A. Burza_

Print Name: _Deborah A. Burza_

Notary Public in _Kalamazoo_ County, Michigan

Acting in _Kalamazoo_ County, Michigan

My commission expires: _8-9-2025_

DEBORAH A. BURZA
NOTARY PUBLIC
State of Michigan
My Commission Expires
August 09, 2025

EXHIBIT A

STATE OF _South Dakota_      §
COUNTY OF _Fall River_      §
     §

The foregoing instrument was acknowledged before me this _21st_ day of _April_____, 2020

by _Elizabeth Straus_ , _Manager_____ of Straus Management L.L.C., an

Illinois limited liability company, a/k/a Straus Management, L.L.C., an Illinois limited liability company, a/k/a Straus

Management, LLC, on behalf of said limited liability company.

NOTARY PUBLIC: _Jane M Farrell_

Print Name: _Jane M Farrell_

Notary Public in _South Dakota_ ~~County~~

Acting in _South Dakota_ ~~County~~

My commission expires:_____

Jane M. Farrell
Notary Public
My Commission Expires
September 17, 2022

**EXHIBIT A**

# EXHIBIT 1
## to
# Access Agreement

# EXHIBIT 1

### Legal Description ("East Parcel")

THE SOUTHWEST 1/4 OF THE SOUTHEAST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN WILL COUNTY, ILLINOIS.
PIN: 21-14-23-400-004-0000

### Legal Description ("West Parcels")

PARCEL 1:
THE EAST 268.30 FEET OF THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 27 AND THE WEST 226.70 FEET OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 26, ALL IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 2:
THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 (EXCEPT THE EAST 268.30 FEET THEREOF) OF SECTION 27, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 3:
THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 26, EXCEPTING THEREFROM THE WEST 226.70 FEET OF THE NORTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 26 AND THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 27, ALL IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN: 21-14-26-100-005-0010

PARCEL 4:
THE WEST 560.0 FEET OF THE SOUTH 435.0 FEET OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
21-14-23-300-015-0020

PARCEL 5:
THAT PORTION OF THE FOLLOWING DESCRIBED LAND LYING SOUTHERLY AND EASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND SOUTHERN TRACTION COMPANY, NOW KNOWN AS THE CHICAGO AND INTERURBAN TRACTION COMPANY:

THE EAST 69.4515 ACRES OF THE FOLLOWING LAND TAKEN AS A TRACT; THE SOUTHEAST 1/4 OF SECTION 22, (EXCEPT THEREFROM THE RIGHT OF WAY OF THE CHICAGO AND SOUTHERN TRACTION COMPANY, NOW KNOWN AS THE CHICAGO AND INTERURBAN TRACTION COMPANY), AND (ALSO EXCEPT THEREFROM THAT PART THEREOF DEDICATED TO THE PEOPLE OF THE STATE OF ILLINOIS FOR HIGHWAY PURPOSES) IN TOWNSHIP 34 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, MONEE TOWNSHIP, WILL COUNTY, ILLINOIS.
21-14-23-300-015-0010

EXHIBIT A

PARCEL 6:
THE NORTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 26, IN TOWNSHIP 34 NORTH, RANGE 13
EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-26-100-005-0010

PARCEL 7:
THE EAST 1/2 OF THE NORTHWEST 1/4 OF SECTION 26; THE WEST 1/2 OF THE NORTHEAST 1/4 OF
SECTION 26 AND THE SOUTHEAST 1/4 OF THE NORTHEAST 1/4 OF SECTION 26, ALL IN TOWNSHIP 34
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-26-100-005-0010

PARCEL 11:
THE WEST HALF OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34
NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPTING THEREFROM THE WEST
560.0 FEET OF THE SOUTH 435.0 FEET THEREOF, ALL IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

PARCEL 12:
THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH, RANGE 13 EAST
OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

PARCEL 13:
THE EAST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 23, TOWNSHIP 34 NORTH,
RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN IN WILL COUNTY, ILLINOIS.
PIN:  21-14-23-300-015-0020

EXHIBIT A

# EXHIBIT 2
# to
# Access Agreement

A74-28850

W-01 (1-69)
ILL.-IND.-MICH.

WJK-81RA

R-W No. __81 RA__
DRAFT __00791__

## GRANT OF PIPE LINE EASEMENT

THIS IS A GRANT dated ___ November _18th_, 19 74 by __Harold H. Riegel and_____
_Leona Riegel, Husband & Wife_____

(herein called "Grantor", whether one or more), to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein called "Grantee").

GRANTOR, in consideration of __EIGHT HUNDRED AND NO/100_____
Dollars ($ __800.00__ ) received, hereby conveys and warrants to Grantee, its successors and assigns, the easement and rights, from time to time, to lay, construct, reconstruct, replace, renew, operate, maintain, repair, change the size of, and remove pipes and pipe lines for the transportation of oil, petroleum or any of its products, gas, water and other substances, or any thereof, over, through, under and across the following described land in _____
__Will_____ County, State of ____Illinois____(herein called "Land"):

The Southwest Quarter of the Southeast Quarter of Section 23, Township 34 North, Range 13 East of the Third Principal Meridian.

Easement herein conveyed is shown on Plat No. WB-1096 and to the stipulations and conditions on Exhibit "A" both attached and made a part of this conveyance.

together with rights of ingress and egress to and from such pipe line or lines (or any of them) for the aforesaid purposes (hereby releasing and waiving dower and all rights under and by virtue of the homestead exemption laws of __Illinois__ );

TO HAVE AND TO HOLD such easement and rights unto Grantee its successors and assigns, forever.

GRANTOR shall have the right to use and fully enjoy the Land, except as to the easement and rights hereby granted, and except that Grantor shall never install or erect any permanent structures within thirty (30) feet on each side of the initial pipe line laid hereunder.

GRANTEE shall pay any damages to growing crops, timber, drain tiles, fences or buildings on the Land, which may arise from the exercise of the easement and rights hereby granted. However, after the initial pipe line is laid hereunder, Grantee shall have the right to keep the area within thirty (30) feet on each side thereof clear of trees, brush and other natural obstructions, without incurring any liability for damages.

ALL PIPE laid hereunder shall be laid on a route selected by Grantee, and buried to such depth as not to interfere with ordinary cultivation of the Land. Any pipe line after the initial one shall be laid generally parallel therewith and adjacent thereto; and for each such additional line Grantee shall pay an additional consideration equal to the consideration first herein specified.

THIS GRANT embodies the entire agreement between Grantor and Grantee concerning the subject matter hereof, including the consideration paid or to be paid in connection herewith. The easement and rights hereby granted shall be assignable by grantee in whole or in part; and they, as well as the covenants herein, shall bind and inure to the benefit of the heirs, estates, successors and assigns of Grantor, and the successors and assigns of Grantee.

GRANTOR represents that the Land is not either wholly or partly subject to any lease or tenancy of any character, or in possession of, or occupied or farmed by, any person or persons other than Grantor, except as follows:

EXECUTED and delivered by Grantor on the date first herein specified.

WITNESSES:

_Martin J Bescia_

_Harold N. Riegel_
Harold H. Riegel

_Leona Riegel_
Leona Riegel

1 of 4

**EXHIBIT A**

2  R74-28850

R/W ___81 RA___

(FOR USE OF RECORDER'S OFFICE)

### GRANT OF PIPE LINE EASEMENT

RECORDER:

Please return _WM Pick Up_

To _Call 312-756-4800_

**WOLVERINE PIPE LINE COMPANY**

John T. Jenkinson
Executive Plaza  Suite 309
1010 Dixie Highway
Chicago Heights, Illinois  60411

### ACKNOWLEDGMENT BY INDIVIDUALS

STATE OF _ILLINOIS_            }
                               } ss:
COUNTY OF _WILL_               }

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared ___HAROLD H RIEGER & LEONA RIEGER HIS WIFE___, personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that ___THEY___ executed and delivered that instrument as ___THEIR___ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _NOV. 18_____, 19 _74_.

_____
Notary Public
Commission expires: _9-16-25_

STATE OF _____        }
                               } ss:
COUNTY OF _____       }

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____, personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _____ executed and delivered that instrument as _____free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____, 19 __.

_____
Notary Public
Commission expires: _____

### ACKNOWLEDGMENT BY CORPORATION

STATE OF _____       }
                               } ss:
COUNTY OF _____      }

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____ and _____ personally known to me to be, and to be the same persons whose names are subscribed to the foregoing instrument as, _____ and _____ respectively, of _____ the _____ corporation named in and which executed that instrument; and they severally acknowledged that, in those respective capacities, they executed the instrument in the name and behalf of that corporation, affixed its corporate seal thereto and caused the same to be delivered, by authority of its Board of Directors, and as their own and the corporation's free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____, 19 __.

_____
Notary Public
Commission expires: _____

This instrument prepared

by John T. Jenkinson
Wolverine Pipe Line Co.
1010 Dixie Highway
Chicago Heights, Illinois

**EXHIBIT A**

ᴎᴌ4-28850

EXHIBIT "A"

1. It is understood and agreed that no above ground appurtenances will
   be installed on said right-of-way, other than markers and vent pipes
   on property lines.

2. Grantor hereby reserves the right to construct and maintain roadways,
   water lines, sewer lines and utility lines across the easement area
   at right angles or as near right angles as is reasonably possible,
   except that such use shall not endanger or interfere with Grantee's
   facilities or prevent or interfere with the exercise by Grantee of
   its rights hereunder.

3. Grantee agrees that ingress and egress to the property be restricted
   to the right-of-way herein granted, and further, no private road of
   Grantor shall be used by Grantee, it's Agents, or Contractor without
   specific written permission from Grantor.

*3*

EXHIBIT A

FILED-RECORDERS OFFICE
WILL COUNTY, ILL.

'76 MAR 17 AM 11:28

RECORDER
MICROFILMED

<u>GRANT OF PIPE LINE EASEMENT</u>

This is a grant dated this __5th__ day of March , 1976,

by PARK FOREST SOUTH DEVELOPMENT COMPANY, an Illinois Partnership

for itself, its successors and assigns (herein called "Grantor")

to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein

called "Grantee").

The Grantor, for and in consideration of __Thirty Six__

__Thousand Nine Hundred Fifty-Seven and 60/100 ($36,957.60)----__

Dollars, receipt of which hereby is acknowledged by the under-

signed, hereby quit claims and conveys (excepting existing

easements of record) unto the Grantee, its successors and assigns,

the right to survey, clear and excavate for, lay, construct,

reconstruct, operate, inspect, test, maintain, protect, repair,

replace, remove and abandon in place one 18-inch pipe line and

underground appurtenances for the transportation of oil, gas

and other substances which can be transported through a public

utility pipe line within, under, upon and across the following

described real estate, situated in Will County, Illinois, to-wit:

> Centerline description of a strip or tract of land
> Sixty (60) feet in width in, through and across the
> Northeast Quarter of the Northeast Quarter of Section
> 27, Township 34 North, Range 13 East of the Third
> Principal Meridian, in Will County, Illinois. Said
> strip or tract lying a perpendicular distance of 30
> feet left of, and 30 feet right of the following
> described centerline:
>
> BEGINNING at a point on the West bound of said East
> Half of the Northeast Quarter, from which beginning
> point the Northwest corner of said East Half of the
> Northeast Quarter bears Northerly along said West
> bound a distance of 176.5 feet;
>
> Thence N 71° 32' 37" East a distance of 590.8 feet
> more or less to a terminal point on the North bound
> of said Section 27, from which terminal point the
> Northeast corner of said Section 27 bears Easterly
> along said North bound, a distance of 756.3 feet.
> Said centerline being in all a total distance of
> 590.8 feet or 35.80 rods more or less in length.
> (77RA)

Prepared by
John O'Brien
68N Chicago St
Joliet 60431

1 of 9

EXHIBIT A

Description of a strip or tract of land sixty (60)
feet in width, in, through, and across that portion
of the Southeast Quarter of Section 22, Township 34
North, Range 13 East of the Third Principal Meridian,
in Will County, Illinois, conveyed to the Chicago
Title and Trust Company, Trustee, by instrument re-
corded September 13, 1971 as Document No. R71-22065
in the Will County, Illinois Recorder's Office, save
and except, however, the West 62.2265 acres of the
East 80.9765 acres thereof. Said strip or tract of
land lying perpendicular distances of 30 feet left
of and 30 feet right of the following described line:

BEGINNING at a point on the west line of said remnant
Chicago Title and Trust Company tract, from which
BEGINNING point the southwest corner of said tract
bears southerly along said west line, a distance of
138.2 feet;

THENCE North 71° 32' 37" East, a distance of 234.3
feet to a point;

THENCE North 62° 30' 03" East, a distance of 100.0
feet, more or less, to a terminal point on the east
line of said Section 22, from which terminal point the
Southeast corner of said Section 22 bears southerly
along said East line, a distance of 255.4 feet.

Said line being in all a total distance of 334.3 feet
or 20.26 rods, more or less, in length.
(78RA)

Description of Two (2) strips or tracts of land sixty
(60) feet in width, in, through, and across those
portions of the Southeast Quarter of Section 22 and
the Southwest Quarter of Section 23, all in Township
34 North, Range 13 East of the Third Principal Meridian
in Will County, Illinois, conveyed to Park Forest South
Development Company by separate instruments recorded
November 22, 1974 as Document No. R74-29103, November
7, 1974 as Document No. R74-27772, January 25, 1974
as Document No. R74-02108, January 17, 1972 as Document
No. R72--1252, October 20, 1972 as Document No. R72-
30838, and April 30, 1974 as Document No. R74-09788
in the Will County, Illinois Recorder's Office. Said
strips or tracts of land lying perpendicular distances
of 30 feet left of and 30 feet right of the following
described centerline segments, hereinbelow, described
as Segment No. 1 and Segment No. 2, respectively:

Segment No. 1:
BEGINNING at a point on the south line of said Section
22, which BEGINNING point bears westerly along said
South line, a distance of 756.6 feet from a 3/4 inch
iron pipe found marking the Southeast corner of said
Section 22;

-2-

EXHIBIT A

THENCE North 71° 32' 37" East, a distance of 465.8 feet, more or less, to a terminal point on the East line of that tract described in said instrument recorded as Document No. R74-02108, from which terminal point the Southeast corner of said tract bears Southerly along said East line, a distance of 138.2 feet.

Said Segment No. 1 being in all a total distance of 465.8 feet or 28.23 rods, more or less, in length.

Segment No. 2:
BEGINNING at a point on the East line of the West 560 feet of the South 435 feet of the West Half of the Southwest Quarter of the Southwest Quarter of said Section 23, which BEGINNING point bears northerly along said east line, a distance of 416.2 feet; from the South bound of said Section 23;

THENCE North 72° 47' 52" East, a distance of 94.7 feet to a point;

THENCE North 77° 46' 05" East, a distance of 172.1 feet to a point;

THENCE North 73° 00' 55" East, a distance of 1890.9 feet, more or less, to a terminal point on the East line of said Southwest Quarter of Section 23, from which terminal point the South Quarter corner of said Section 23 bears Southerly along said East line a distance of 994.0 feet.

Said Segment No. 2 being in all a total distance of 2,157.7 feet or 130.77 rods, more or less, in length.

Said Segments Nos. 1 and 2 being in all a total distance of 2,623.5 feet or 159.00 rods, more or less, in length. (79RA)

Description of a strip or tract of land sixty (60) feet in width, in, through, and across a portion of the East 3/4 of the North Half of the Southeast Quarter of Section 23, Township 34 North, Range 13 East of the Third Principal Meridian in Will County, Illinois, as described in deed from Wilmer Halfeldt, et ux, to Park Forest South Development Co. recorded February 19, 1975 as Document No. R75-4123, in the Will County, Illinois Recorder's Office. Said strip or tract lying a perpendicular distance of 30 feet left of, and 30 feet right of the following described line:

BEGINNING at a point on the South bound of said North Half of the Southeast Quarter from which BEGINNING point the Southeast corner of said North Half of the Southeast Quarter bears easterly along said South bound, a distance of 1,481.2 feet;

-3-

EXHIBIT A

THENCE North 73° 00' 55" East, a distance of
1,495.3 feet to a point; THENCE North 71° 19'
39" East, a distance of 37.8 feet, more or less
to a terminal point on the East bound of said
North Half of the Southeast Quarter from which
terminal point the Southeast corner of said North
Half of the Southeast Quarter bears Southerly
along said East bound, a distance of 421.5 feet.

Said line being in all a total distance of 1,533.1
feet or 92.92 rods, more or less, in length.
(82RA)

1.  The said Grantor shall have the right to use and
enjoy the surface of said premises, but shall not interfere with
the use of the same by Grantee for any of the purposes hereinabove
granted.  No permanent structure shall be placed on said easement
without the express written permission of the Grantee.  Grantee
except as referred to below
shall replace in a good and workmanlike manner all tile cut in
the construction of its lines hereunder.  Grantee shall not place
any above surface appurtenances, markers or manholes, except as
required by statute.

2.  Grantee agrees to pay to the owner of said land and
to any tenant or lessee thereof, as their respective interests may
appear, any damages to fences, growing crops and timber which
may be caused by the exercise of the rights hereinunder authorized.
Completion of construction shall be completed within 90 days,
unless delayed by weather or unavoidable circumstances, and Grantor
shall be compensated if such delay interferes with normal farming
operations.

3.  Grantee shall replace with equal quality fencing
all fences removed by it for construction or maintenance and,
in addition, Grantee, before it removes any fencing that contains
animals, shall install temporary fencing that is suitable for said
purpose, and will remove said temporary fencing at the completion
of said construction or maintenance operations.

-4-

EXHIBIT A

4. Grantee will remove top soil from the trench as a separate operation, segregate it from the sub soil and replace it in its original relative position.

5. Any excess soil shall be placed on the premises at the direction of the Grantor.

6. The Grantee shall indemnify and defend the Grantor against all claims, suits or demands brought against the Grantor arising out of the exercise of the rights granted by this Agreement for Right-of-Way.

7. All tile lines cut will be replaced in kind and supported by a cradle of sufficient strength so backfill will not disturb it. Grantor shall inspect all tile lines so cut before backfill is made and said Grantor will be compensated for his time in making such inspection.

8. Stones are to be removed from the premises caused by construction and Grantee shall be responsible for removal of stones appearing later as a result of pipe line construction. Stones are defined as three inches in diameter; limitation of three inches does not mean three inches at all points.

9. Grantee will construct said pipe line and restore the land so that the existing flow of water drainage is not changed or altered.

10. Grantor reserves the right to place along, across, and over the pipe line right of way as many roads, streets, sidewalks, passageways, electric light and power lines, water lines, sewer lines, drainage lines, gas lines, telephone poles and telephone lines, and other utilities as Grantor or its assigns may desire. If any utility line is placed parallel to such right of way, such line shall not be placed directly over any pipe line therein. It is agreed by the Grantee, in this regard, that any additional expense of the Grantor/in exercising its successors and assigns

-5-

EXHIBIT A

any right herein reserved, caused by the presence of the pipe line as constructed hereunder shall be borne by the Grantee or its successors and assigns.

11.  The pipe line constructed on the premises shall be buried to a depth of not less than 36 inches measured from the top of the pipe to the average level of the original ground on the two sides of the ditch in which the pipe line is laid.

12.  After the installation of any pipe line on the pipe line right of way, and after the abandonment or expiration of this grant for any cause, Grantee shall remove all pipe and other property placed on the premises by or for Grantee, fill and level all ditches, ruts, and depressions caused by construction or removal operations, remove all debris resulting therefrom, remove all stakes and posts that Grantee may have put into the ground, and generally restore the surface and repair pipe line related subsidence over the surface of the pipe line right of way as near to its original condition as may be possible, all within a reasonable time after the installation of such pipe line or the abandonment or expiration of this grant.  If Grantee fails to do so, Grantor may do so at Grantee's risk and expense, and Grantee agrees to reimburse Grantor for the cost of such removal and restoration operations.

13.  The Grantee agrees to furnish the Grantor "as built" drawings after the pipe line has been constructed.

14.  The Grantee covenants and agrees to construct and maintain the pipe line in compliance with all present or future applicable federal, state and local governmental laws, standards, rules, and regulations, and covenants further that at the time of future development of adjacent land by the Grantor, its successors and assigns that it will upgrade the pipe line and its appurtenances to satisfy the requirements of any federal state or local governmental agency whether such requirement relates to regulation for safety purposes or otherwise.

-6-

EXHIBIT A

14.  To have and to hold said Right of Way unto said Grantee, its successors and assigns until a pipe line be constructed under and across the above described real estate and so long thereafter as a pipe line is maintained thereon.  The rights herein granted may be assigned in whole or in part.

15.  It is understood that the person securing this grant is without authority to make any agreement in respect to the subject matter hereof not herein expressed.

SIGNED and DELIVERED on the date aforesaid.

PARK FOREST SOUTH DEVELOPMENT
COMPANY, an Illinois Partnership
By THE MANILOW ORGANIZATION, INC.

By _____
                President

ATTEST:

_____
            Sec.

WOLVERINE PIPE LINE COMPANY, a
Delaware Corporation

By _____
        Joseph K. Devine

WITNESS:

_____

Chicago Title & Trust Company,
as Trustee under Trust Deed
recorded as Document No. R75-4124

_____
ASST. VICE PRESIDENT

_____
ASST. SECRETARY

-7-

EXHIBIT A

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF WILL   )

      I, the Undersigned, a Notary Public, in and for the County and State aforesaid, DO HEREBY CERTIFY that Lewis Manilow, personally known to me to be the President of the PARK FOREST SOUTH DEVELOPMENT COMPANY, an Illinois Partnership By THE MANILOW ORGANIZATION, INC., and Janet J. Gaszak, personally known to me to be the Secretary of said corporation, and personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that as such President and Secretary, they signed and delivered the said instrument as President and Secretary of said corporation, and caused the corporate seal of said corporation to be affixed thereto, pursuant to authority, given by the Board of Directors of said corporation as their free and voluntary act, and as the free and voluntary act and deed of said corporation, for the uses and purposes therein set forth.

      Given under my hand and official seal, this day of March, 1976.

                                _____
                                Notary Public

(8)

EXHIBIT A

STATE OF ILLINOIS )
                   ) SS:
COUNTY OF WILL )

     BEFORE me, a Notary Public in and for the above State and County,

on this day personally appeared Joseph K. Devine, personally known to

me to be the same person named in, and whose name is subscribed to, the

foregoing instrument, and acknowledged that he executed and delivered

that instrument as his free and voluntary act, for the uses and purposes

therein set forth.

     WITNESS my signature and official seal on _March 30, 1976_.

                                      Notary Public

COMMISSION EXPIRES: _5/21/78_ .

(9)

Mail To:

Wolverine Pipe Line Company
1010 Dixie Hiway
Suite No. 406
Chicago Heights, Illinois - 60411

**EXHIBIT A**

W-01 (1-69)
ILL.-IND.-MICH.

R-W No. 80 RA
DRAFT 00778

### GRANT OF PIPE LINE EASEMENT

THIS IS A GRANT dated    August 23,    , 19 74 by    Charles A. Bibeau and
Dorothea Bibeau, his wife

(herein called "Grantor", whether one or more), to WOLVERINE PIPE LINE COMPANY, a Delaware corporation (herein called "Grantee").

GRANTOR, in consideration of    Ten and No/100 and other valuable consideration
Dollars ($ 10.00    ) received, hereby conveys and warrants to Grantee, its successors and assigns, the easement and rights, from time to time, to lay, construct, reconstruct, replace, renew, operate, maintain, repair, change the size of, and remove pipe lines for the transportation of oil, petroleum or any of its products, gas, water and other substances, or any thereof, over, through, under and across the following described land in

Will    County, State of    Illinois    (herein called "Land"):

A strip of land sixty (60) feet in width in thru and across the West 560 feet of the South 435 feet of the West half of the Southwest Quarter of the Southwest Quarter, Section 23, Township 34 North, Range 13 East of the third Principal Meridian. (Refiled to show EXHIBIT "A" Dwg. No. WB-1084)

Grantor reserves the right to construct and maintain roadways, water lines, sewer lines, and utility lines across the easement area at right angles or as near right angles as is reasonably possible, except that such use shall not endanger or interfere with the Grantees facilities or prevent or interfere with the exercise by Grantor of its rights hereunder.

No above ground facilities (other than location markers placed in property boundaries) shall be constructed hereunder.

together with rights of ingress and egress to and from such pipe line or lines (or any of them) for the aforesaid purposes (hereby releasing and waiving dower and all rights under and by virtue of the homestead exemption laws of
Illinois    );

TO HAVE AND TO HOLD such easement and rights unto Grantee its successors and assigns, forever.

GRANTOR shall have the right to use and fully enjoy the Land, except as to the easement and rights hereby granted, and except that Grantor shall never install or erect any permanent structures within ~~fifty (50) feet on either~~    the easement area
~~side of said pipe line laid hereunder.~~

GRANTEE shall pay any damages to growing crops, timber, drain tiles, fences or buildings on the Land, which may arise from the exercise of the easement and rights hereby granted. However, after the initial pipe line is laid hereunder, Grantee shall have the right to keep the area within ~~thirty (30) feet on either side~~ thereof clear of trees,    the easement area
brush and other natural obstructions, without incurring any liability for damages.

ALL PIPE laid hereunder shall be laid on a route selected by Grantee, and buried to such depth as not to interfere with ordinary cultivation of the Land. Any pipe line after the initial one shall be laid generally parallel therewith and adjacent thereto; ~~and for each such additional line Grantee shall pay an additional consideration equal to the consideration herein specified.~~

THIS GRANT embodies the entire agreement between Grantor and Grantee concerning the subject matter hereof, including the consideration paid or to be paid in connection herewith. The easement and rights hereby granted shall be assignable by grantee in whole or in part; and they, as well as the covenants herein, shall bind and inure to the benefit of the heirs, estates, successors and assigns of Grantor, and the successors and assigns of Grantee.

GRANTOR represents that the Land is not either wholly or partly subject to any lease or tenancy of any character, or in possession of, or occupied or farmed by, any person or persons other than Grantor, except as follows:

R82-23015
FILED-RECORDERS OFFICE
WILL COUNTY, ILL.

1982 OCT 29 PM 12: 15

RECORDER
MICROFILMED

EXECUTED and delivered by Grantor on the date first herein specified.

WITNESSES:

J. L. Denison

Charles A. Bibeau

Dorthea G. Bibeau

1of 3

EXHIBIT A

R/W 80 RA

**GRANT OF PIPE LINE EASEMENT**

(FOR USE OF RECORDER'S OFFICE)

*Prepared by*
*J. T. Jenkinson*

To

**WOLVERINE PIPE LINE COMPANY**

~~1010 Dixie highway, Suite 307-309~~
~~Chicago Heights, Illinois 60411~~

After Recording Return to:

**WOLVERINE PIPE LINE CO.**
**1595 W. CENTRE**
**KALAMAZOO, MICHIGAN 49002**

R74-23308
FILED-RECORDERS OFFICE
WILL COUNTY, ILL.

'74 SEP 18 PM 12: 39

*Kenneth George*
RECORDER
MICROFILMED

**ACKNOWLEDGMENT BY INDIVIDUALS**

STATE OF _Illinois_
COUNTY OF _Will_ } ss:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _CHARLES A. BIBEAU ANN DOROTHEA G. BIBEAU_ _____,
personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _THEY_ executed and delivered that instrument as _THEIR_ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _8-26_ , 19 _74_

_Monroe J. Garmon_
Notary Public
Commission expires: _12-2-77_

STATE OF _____
COUNTY OF _____ } ss:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____,
personally known to me to be the same person(s) named in, and whose name(s) is/are subscribed to, the foregoing instrument, and acknowledged that _____ executed and delivered that instrument as _____ free and voluntary act, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____ , 19 __.

_____
Notary Public
Commission expires: _____

**ACKNOWLEDGMENT BY CORPORATION**

STATE OF _____
COUNTY OF _____ } ss.:

BEFORE me, a Notary Public in and for the above State and County, on this day personally appeared _____ and _____,
personally known to me to be, and to be the same persons whose names are subscribed to the foregoing instrument as, _____ and _____,
respectively, of the _____ corporation named in and which executed that instrument; and they severally acknowledged that, in those respective capacities, they executed the instrument in the name and behalf of that corporation, affixed its corporate seal thereto and caused the same to be delivered, by authority of its Board of Directors, and as their own and the corporation's free and voluntary act and deed, for the uses and purposes therein set forth.

WITNESS my signature and official seal on _____ , 19 __.

_____
Notary Public
Commission expires: _____

This instrument prepared

by John T. Jenkinson & Max Farr
Wolverine Pipe Line Company

**EXHIBIT A**

## PT. SW 1/4 SEC. 23 T.       N R·13·E
## WILL COUNTY, ILLINOIS



**EXHIBIT A**

Rel 25015

Re/

### EASEMENT DESCRIPTION

A strip of land sixty (60) feet in width, in thru,
and across the West 560 feet of the South 435 feet
of the West half of the Southwest Quarter of the
Southwest Quarter, Section 23, Township 34 North,
Range 13 East of the Third Principal Meridian in
Will County, Illinois.

Existing
PROPOSED 18" WOLVERINE PIPELINE

EXACO-CITIES SER P/L

PARK FORREST SOUTH DEVELOPMENT CO.
4-30-1971
Doc. N° R74-9788

Sec. Ln.

(80 RA)

582.1 FEET 35.28 RODS

### EXHIBIT "A"

BK. 201  PG. 50-51

BEARING DATUM: ILLINOIS STATE GRID - EAST ZONE

| NO. | REVISION | DATE | CHK. | APPR. |
|-----|----------|------|------|-------|
| 1 | CHG'D. PIPELINE LOCATION TO 30' OFF T.-C.S. P/L | 10/28/75 | | |

| ENGINEER JP | |
| DRAWN BY RM 12-2-74 | |
| ENG. CHECK JP 4-7-75 | |
| DR. CHECK JP 4-7-75 | |
| APPROVED: J. S. Powell 4-7-75 | DATE |

**WOLVERINE PIPE LINE CO.**
KALAMAZOO, MICHIGAN

JOLIET TO KENNEDY AVE. 18" LINE
CROSSING
CHARLES A. BIBEAU, ET UX

| SCALE: 1"=100' | DWG. NO. WB-1084 | REV. |

THIS DRAWING AND ALL INFORMATION THEREON IS THE PROPERTY OF WOLVERINE PIPE LINE COMPANY AND SHALL NOT BE COPIED OR USED EXCEPT FOR THE PURPOSE FOR WHICH IT IS EXPRESSLY FURNISHED. THE DRAWING AND ANY COPIES THEREOF (PARTIAL OR COMPLETE) SHALL BE RETURNED TO THE OWNER ON DEMAND.

pg 3

EXHIBIT A

# EXHIBIT 3
# to
# Access Agreement

EXHIBIT A

# EXHIBIT "3"

### PART OF THE SOUTHWEST 1/4 OF SECTION 23, TOWN 34 NORTH, RANGE 13 EAST, THIRD PRINCIPAL MERIDIAN, MONEE TOWNSHIP, WILL COUNTY, ILLINOIS



PARCEL LINE

EXISTING 60' WIDE PIPELINE EASEMENT

60'

N 77°47'27" E
30.63'

SOUTH LINE OF EXISTING WOLVERINE PIPE LINE COMPANY EASEMENT RECORDED IN DOCUMENT NUMBER R76-07268

EXISTING 60' WIDE PIPELINE EASEMENT

30' WIDE ACCESS EASEMENT AREA

30'

415.43'     421.36'

PARCEL LINE

N 00°36'24" W     S 00°36'24" E

SOUTHWEST CORNER SECTION 23 T.34N.,R.13E.

SOUTH 1/4 CORNER SECTION 23 T.34N.,R.13E.

N 88°56'44" E     665.40'

SOUTH LINE, SOUTHWEST 1/4, SECTION 23

## OLENDORF ROAD

POINT OF BEGINNING

S 88°56'44" W
30.00'

30' WIDE ACCESS EASEMENT AREA
AREA = 12,552 SQ. FT. / 0.288± ACRES



## HOLLAND
### ENGINEERING

220 Hoover Boulevard
Holland, Michigan 49423-3766
www.hollandengineering.com
T 616-392-5938   F 616-392-2116

## WOLVERINE PIPE LINE CO.
## ACCESS EASEMENT AREA ACROSS;
## STRAUS MANAGEMENT, L.L.C.
## WILL COUNTY, ILLINOIS



| | |
|---|---|
| DATE: 03-27-2020 | HEI # 19-08-012.03 |
| SCALE: 1" = 100' | DRAWN BY: HEI (AJN) |
| DWG NO. 18-11-02 | SHEET 1 OF 2 |

EXHIBIT A

## PERMANENT ACCESS EASEMENT
### Across Parcel Number: 21-14-23-300-015-0020

An easement 30 feet in width located in part of the Southwest 1/4 of Section 23, Township 34 North, Range 13 East of the Third Principal Meridian, Monee Township, Will County, Illinois, described as follows:

Commencing at the Southwest Corner of said Section 23; thence North 88 degrees 56 minutes 44 seconds East (Basis of Bearings NAD83 Illinois East Zone) 665.40 feet along the South Line of the Southwest 1/4 of Section 23 to the Point of Beginning; thence North 00 degrees 36 minutes 24 seconds West 415.43 feet to the Southerly line of the Wolverine Pipeline Company Easement as described and recorded in Document No. R76-07268; thence North 77 degrees 47 minutes 27 seconds East 30.63 feet along the Southerly Line of the Wolverine Pipeline Company Easement as described and recorded in Document No. R76-07268; thence South 00 degrees 36 minutes 24 seconds East 421.36 feet to the South line of the Southwest 1/4 of Section 23; thence South 88 degrees 56 minutes 44 seconds West 30.00 feet along the South line of the Southwest 1/4 of Section 23 to the Point of Beginning.

Permanent easement contains 0.288 acres or 12552 square feet more or less.



**H O L L A N D**
**E N G I N E E R I N G**

220 Hoover Boulevard
Holland, Michigan 49423-3766
www.hollandengineering.com
T 616-392-5938   F 616-392-2116

WOLVERINE PIPE LINE CO.
ACCESS EASEMENT AREA ACROSS;
STRAUS MANAGEMENT, L.L.C.
WILL COUNTY, ILLINOIS



| DATE: 03-27-2020 | HEI # 19-08-012.03 |
|---|---|
| SCALE: NONE | DRAWN BY: HEI (AJN) |
| DWG NO. 18-11-... | SHEET 2 OF 2 |

EXHIBIT A